NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0241n.06

Case No. 24-3760

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| MICHELLE SCOGGINS, | ) | **FILED**<br>May 12, 2025<br>KELLY L. STEPHENS, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| | ) | |
| MENARD, INC.; BILL NELSON, | ) | |
| Defendant-Appellants. | ) | |
| | ) | OPINION |

Before: SUTTON, Chief Judge; SILER and WHITE, Circuit Judges.

PER CURIAM. Michelle Scoggins drove forklifts for Menards for about two years, starting in early 2021. She alleges that she was sexually harassed by her manager, Bill Nelson, prompting her to sue him and the company in state court. Menards and Nelson removed the case to federal court.

Once in federal court, the defendants produced the arbitration agreement that Scoggins signed at the start of her job, and argued that the court should compel arbitration and stay the case. "[A]fter reviewing the Agreement," Scoggins agreed that it applied to her complaints. R.8 at 5. And she agreed that Menards, as her employer, was a party to the agreement, leading her to ask the district court to "stay the proceedings against Menards and compel arbitration." R.8 at 8. She objected only that Nelson was not a party to the arbitration agreement and thus could not enforce it.

The district court rejected this sole argument against arbitration. It deemed Nelson covered by the agreement and concluded that, in light of Scoggins' agreement that the arbitration provision was valid, enforceable, and applicable to her claims against Menards, the arbitration agreement applied to both defendants. Scoggins does not challenge that interpretation on appeal. Scoggins, Nelson, Menards, and the district court thus all agree that the arbitration agreement applies to the claims against Nelson and Menards, and Scoggins accepted in the district court that the arbitration agreement should be enforced and the district court action stayed.

The district court nonetheless denied the motion to compel arbitration. On its own initiative and without notice or input from the parties, it raised the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, which provides that, "at the election of the person alleging conduct constituting a sexual harassment dispute," a preexisting arbitration agreement need not control the forum and manner of dispute resolution. 9 U.S.C. § 402(a). The court decided that the federal statute applied, and required the parties to resolve the claims in court. It did not explain why Scoggins' concession that the case should be stayed in favor of arbitration did not apply.

Under these circumstances, we need not decide whether Scoggins' lawsuit amounted to an "election" under the Act. Whether it did or not, she repeatedly and unequivocally told the district court that the arbitration agreement applied to this dispute. It is "an abuse of discretion to override" a party's "deliberate waiver" of an argument. *Day v. McDonough*, 547 U.S. 198, 202 (2006).

We reverse the decision below and remand for the district court to stay the case in favor of arbitration.